UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES J. MOTT, SR.,

                Plaintiff(s),                **REPORT AND**
                                                            **RECOMMENDATION**
      -against-                                  CV10-4933(JFB) (WDW)

IBM,

                Defendant(s).
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Bianco is the defendant's motion to dismiss pursuant to Rule 12(b)(6). DE[11, 12, 13, 15]. The motion is opposed by the pro se plaintiff, James J. Mott, Sr. DE[14]. I recommend that the complaint be dismissed because the wrong defendant was named, and that no leave to amend to name a different defendant be granted, because such amendment would be futile.

## BACKGROUND

In his Amended Complaint, Mott states that he is suing IBM because his request for a retirement benefit under the IBM Medical and Dental Plan ("the Plan") - a Special Health Assistance Provision ("SHAP") payment of up to $900 per year toward Medicare Part B premiums - was denied. DE[8]. Although Mott does not mention ERISA, IBM construes the claim as one pursuant to Section 502(a) of ERISA, 29 U.S.C. §1132(a)(1)(B), which allows a participant or beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." I agree that Mott's claim falls under that provision of ERISA.

The SHAP applies to IBM employees who retired before December 31, 1996 and does not apply to IBM employees who retired after 1996. Mott falls into both categories. He initially

retired from IBM on April 30, 1996, but returned to work there in October 1997 and retired again in 2003. In the Amended Complaint, Mott states that he applied for SHAP benefits when he became Medicare eligible in November 2009 and was rejected. Three appeals of the determination were also denied. This lawsuit followed.

IBM states, and Mott does not disagree, that the Plan reserves discretionary authority to the plan administrator to construe and interpret the eligibility for benefits. DE[13], Lauri Decl., Ex. C, "About Your Benefits: Post Employment."[1]

On this motion, IBM argues that the complaint must be dismissed because IBM is the wrong defendant, and that any amendment would be futile under the arbitrary and capricious standard that applies to Plan interpretation. Mott argues that the complaint should not be dismissed because IBM is the proper defendant and that IBM failed to provide the Plan administrator with the full information that would have allowed the administrator to make a correct decision on the full facts.

## DISCUSSION

**Standard on Motion to Dismiss**:

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir.

---

[1] IBM argues that in deciding motions to dismiss, the court may consider "any written instrument attached to [a complaint] as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002). I agree and have considered the exhibits to the defendant's motion.

2005); *Rosen v. North Shore Towers Apts., Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011)(12(b)(1)). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss a pro se complaint, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen v. North Shore Towers Apartments, Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011) (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000); *Hughes v. Rowe,* 449 U.S. 5, 9, (per curiam)(noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers")). However, "mere conclusions of law or unwarranted deductions" need not be accepted. *Rosen,* 2011 WL 2550733 at *2 (citing *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir. 1994)(internal citations omitted)).

**Wrong Defendant Sued:**

IBM's first line of argument is that the complaint must be dismissed because IBM, the employer, is the wrong defendant on a recovery of benefits claim pursuant to 29 U.S.C. §1132(a)(1)(B). The Second Circuit has held that a claim for recovery of benefits under §1132(a)(1)(B) is barred by a plaintiff's failure to name the right defendant. "In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as

3

such may be held liable." *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1199 (1989); *see also Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101108, n.2 (2d Cir. 2008)("A claim for recovery of benefits under ERISA §50[2]²(a)(1)(B) can be brought against a covered plan, its administrators or its trustees."); *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 509-10 (2d Cir. 2008)(same). Courts have dismissed defendant-employers on Rule 12(b)(6) motions on that ground. *See Ranno v. Hartford Life and Accident Insurance Co.,* 2010 WL 2194526, *4 (S.D.N.Y. May 14, 2010)(quoting *Leonelli*).

Construing Mott's claim as one pursuant to 29 U.S.C. §1132(a)(1)(B), IBM must be dismissed as a defendant, and, inasmuch as it is the only defendant and there is only one claim in the Amended Complaint, the Amended Complaint must be dismissed on that ground. I note that, in his opposition to the motion, Mott takes the position that IBM is a proper defendant because it allegedly failed to give the plan administrator the "qualifying information" it needed to make an accurate decision. DE[14]. Presumably, that "qualifying information" is the fact that Mott retired for the first time in April 1996. The defendant calls that allegation a "red herring," and I agree. Even if IBM failed to tell the claims administrator that Mott retired twice, the first time prior to December 31, 1996, the only possible inference to be drawn from Mott's assertion that he applied for SHAP benefits and appealed three times is that he told the Plan Administrator that he retired in April 1996. If he hadn't reported that information, his application would have been meaningless, and even if IBM did not "provide qualifying information," that information was before the administrator. Thus, that line of argument is unavailing and does not change the fact

---

²The text in the reported version of *Paneccasio* reads "§<u>501</u>(a)(1)(B)." (emphasis added) I assume that is a typographical error. There is no §501(a)(1)(B), and section 501 applies to criminal liability, not at issue in that case. It should read "§502(a)(1)(B)."

that IBM is the wrong defendant and that the Amended Complaint must be dismissed for failure to sue the appropriate party or parties.

**Leave to Amend:**

We next consider whether a recommendation that Mott, a pro se litigant, should be given leave to amend the complaint. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). But such leave will be denied where an amendment would cause undue delay or prejudice to the defendants, or the proposed amendment would be futile. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998); *Harrison v. NBD, Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998). Although amendments are generally favored because "they tend to facilitate a proper decision on the merits," *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted), ultimately, "it is within the sound discretion of the court whether to grant leave to amend."

Here, IBM argues than an amendment adding the appropriate defendant would be futile. An amendment is futile if the claim would be unable to withstand a Rule 12 (b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Indeed, "[t]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12 (b)(6) motion to dismiss - namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Amna v. New York State Dep't of Health,* 2009 WL 6497844, at *1 (E.D.N.Y. Sept. 3, 2009) *(quoting Crippen v. Town of Hempstead,* 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009)). Here, they do not, and even if Mott had named the proper defendant, his claim could not withstand a motion to dismiss.

As noted earlier, the Plan at issue reserves discretionary authority to the plan administrator to construe and interpret the eligibility for benefits. DE[13], Lauri Decl., Ex. C, "About Your Benefits: Post Employment." Thus, an arbitrary and capricious standard applies. *Ranno,* 2010 WL 2194526 at*3. Under that standard, the court will not substitute its own judgment for that of a plan administrator and "'will not overturn a decision to deny or terminate benefits unless it was without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Id.* (quoting *Fuller v. J.P. Morgan Chase & CO.,* 423 F.3d 104, 107 (2d Cir. 2005)); *see also Cram v. The Pepsico Executive Income Deferral Compensation Program,* 201 U.S. LEXIS 131928, **25-26 (S.D.N.Y. Aug. 9, 2010). Here, IBM argues, the plan administrator, in denying Mott's request for SHAP benefits and his appeal of that denial, relied on explicit, clear dictates in the Plan, and that determination must be upheld.

In making this argument, IBM points to the Plan provision that "Individuals who retire after 1996 (and their eligible family members) and qualify for Medicare on the basis of age are not eligible for SHAP." See 3/25/10 Denial Letter. Mott did retire after 1996, and thus does not qualify for SHAP under that provision. But, Mott also retired before1996, and, under that time frame, he does qualify. Nothing in the record before the court lays out precisely how such an unusual situation would be interpreted, but the administrator determined that the later retirement date applied to SHAP eligibility, not the earlier one. Mott believes the earlier date should apply. On this motion to dismiss, all inferences would ordinarily be drawn in favor of the plaintiff to give him an opportunity to prove his version. But here, the highly deferential standard of review that applies can lead the court to only one conclusion - the Plan Administrator's interpretation of eligibility was neither arbitrary nor capricious, and the court must uphold it. Mott's

6

interpretation is not unreasonable, but neither is the administrator's, and where "both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control." *McCauley v. First Unum Life Ins. Co.,* 551 F.3d 126, 132 (2d Cir. 2008)(internal quotations omitted).

Thus, it would be futile for Mott to file an amended complaint with the correct defendant on a claim that cannot, under the arbitrary and capricious standard, prevail. I recommend that the Amended Complaint be dismissed with prejudice.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for defendant by electronic filing and to the pro se plaintiff by mail on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        August 9, 2011

                                            /s/ William D. Wall
                                            WILLIAM D. WALL
                                            United States Magistrate Judge